## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR CRIMINAL COMPLAINT AND ARREST WARRANT

I, Kallin Garza, declare the following under penalty of perjury:

### INTRODUCTION, AGENT BACKGROUND, AND PURPOSE OF THE WARRANT

1. The facts of this case, as more fully detailed below, reveal that Roberto HERNANDEZ-Sanchez, a native and citizen of Mexico, was previously removed from the United States, and later reentered the United States without permission at an unknown date.

2. Title 8, United States Code, Section 1326(a) criminalizes reentry without permission of aliens who have been previously removed. The elements of the offense are that: (1) the person is an alien; (2) the person was removed from the United States; (3) the person is thereafter found in the United States; and (4) the person did not obtain permission from the Attorney General or Secretary of the Department of Homeland Security to reapply for admission. The offense is punishable by up to two years in prison. 8 U.S.C. § 1326(a).

3. I, Border Patrol Agent (BPA) Kallin Garza, am a United States Border Patrol Agent with the United States Department of Homeland Security, United States Border Patrol. I have been employed in this capacity since June 13, 2022. Currently, I am assigned to the Sault Ste. Marie Border Patrol Station. As part of my duties as a Border Patrol Agent, I am authorized to investigate violations of laws of the United States, including violations pertaining to the reentry of removed aliens, in violation of 8 U.S.C. § 1326(a) Reentry of Removed Aliens. I graduated

1

from the Federal Law Enforcement Training Center's (FLETC) Training Program, where I was trained in immigration law.

4.  This continuation contains information necessary to support a finding of probable cause to charge HERNANDEZ-Sanchez with a violation of 8 U.S.C. § 1326(a), which makes it a crime for any alien that has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter enters, or is at any time found in, the United States.

5.  The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol Agents and records checks of law enforcement databases. I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause.

## FACTS ESTABLISHING PROBABLE CAUSE

6.  I have reviewed the official immigration file relating to HERNANDEZ-Sanchez, which attests to the following:

    a. On February 14, 2012, HERNANDEZ-Sanchez was encountered by Border Patrol Agents near Santa Teresa, NM. HERNANDEZ-Sanchez had illegally crossed the United States border with approximately several other individuals.

    b. In a sworn statement on Forms I-867A and I-831, HERNANDEZ-Sanchez admitted to being a citizen of Mexico and did not have the

proper documentation to be or remain in the United States legally.

c. On February 18, 2012, HERNANDEZ-Sanchez was determined to be inadmissible and issued an order of removal. He was removed back to Mexico through the El Paso, TX Port of Entry.

d. Review of records from HERNANDEZ-Sanchez's alien file and queries in U.S. Department of Homeland Security databases confirm that no record exists showing that HERNANDEZ-Sanchez has ever received permission from the Attorney General of the United States and/or the Secretary of the Department of Homeland Security to lawfully enter the United States following his removal on February 18, 2012.

7. On November 17, 2025, Chippewa County Sheriff's Office (CCSO) requested the help of the Sault Sainte Marie Border Patrol Agents near Kincheloe, MI. CCSO had initiated a traffic stop and needed assistance in identifying two individuals. BPA Joshua Smith, BPA Andrew Wienckowski and BPA Tim Pavlat responded to the scene. At approximately 1031 hours, BPA Smith arrived on scene, at which time the two individuals fled on foot. After apprehending both individuals, Agents identified one of the individuals as HERNANDEZ-Sanchez. HERNANDEZ-Sanchez admitted to being a citizen and national of Mexico and he did not possess any proper documentation to be or remain in the United Stated legally.

8. HERNANDEZ-Sanchez was arrested and transferred to Sault Sainte Marie for further processing. HERNANDEZ-Sanchez was fingerprinted and photographed. These images were entered into the Automated Biometric

Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). HERNANDEZ-Sanchez fingerprints from November 17, 2025, matched the fingerprints entered into IAFIS from his prior encounter. The record checks did not provide any evidence that HERNANDEZ-Sanchez legally entered the United States or had been issued any legal immigration document to allow him to enter or remain in the United States.

## CONCLUSION

9.      Based on my training and experience as a Border Patrol Agent and the information contained in this continuation, there is probable cause to believe that Roberto HERNANDEZ-Sanchez reentered the United States after removal without the permission of the Attorney General or Secretary of Homeland Security, in violation of U.S.C. § 1326(a), which makes it a crime to reenter the country following removal without permission of the Attorney General.